UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jimmie Lee Allen,

      Petitioner,

- against -

Darwin LaClair, Superintendent
Great Meadow Correctional Facility,

      Respondent.

07 Civ. 11525 (SCR)(LMS)

REPORT AND
RECOMMENDATION

---

TO: THE HONORABLE STEPHEN C. ROBINSON,
  UNITED STATES DISTRICT JUDGE

  Petitioner Jimmie Lee Allen, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions for Four Counts of Murder in the Second Degree (New York Penal Law § 125.25(1))(intentional murder); Four Counts of Murder in the Second Degree (New York Penal Law § 125.25(3))(felony murder); Two Counts of Burglary in the First Degree (New York Penal Law § 140.30); Four Counts of Robbery in the First Degree (New York Penal Law § 160.15); Four Counts of Criminal Possession of a Weapon in the Second Degree (New York Penal Law § 265.03); and One Count of Criminal Possession of a Weapon in the Third Degree (New York Penal Law § 265.01).  Petition (Docket # 2) at 2.  On June 4, 1980, Petitioner was sentenced to four consecutive terms of imprisonment of 25 years to life for the four convictions for intentional murder, to be served concurrently with the 25 years to life for the four convictions for felony murder.  In addition, Petitioner was sentenced to various other terms of imprisonment for the remaining convictions, all to be served concurrently with the sentences for murder.  Resp't Answer (Docket #20) at 1.

Petitioner appealed his convictions for the aforementioned crimes to the Appellate Division, Second Department; the convictions were unanimously affirmed on July 26, 1982. People v. Allen, 89 A.D.2d 826 (2nd Dep't 1982). Petitioner sought leave to appeal to the Court of Appeals, which was denied on October 21, 1982. People v. Allen, 57 N.Y.2d 957 (1982). During this time, Petitioner had also filed pro se a CPL § 440.10 motion, which was denied by the Supreme Court, Westchester County, on March 10, 1981. Resp't Affidavit (Docket #19) Ex. 10.

On March 28, 1983, Petitioner filed his first federal habeas corpus petition in the United States District Court, Northern District of New York, which was the District in which Petitioner was incarcerated at the time. Resp't Answer (Docket #20) Ex. 11. Petitioner's claim was exactly the same as his claim in the current habeas petition; that is, that he was denied access to transcripts while formulating his appeal. Resp't Answer (Docket #20) Ex. 11 at 9. In his Report and Recommendation, Magistrate Judge Edward Conan found that although some pages were missing from the transcript provided to Petitioner, Petitioner was "able to make his claims clear." Resp't Answer (Docket #20) Ex. 13 at 4. Judge Conan held that Petitioner "was denied neither equal protection nor due process" and recommended that the petition be "denied and dismissed." Resp't Answer (Docket #20) Ex. 13 at 5. United States District Judge Edmund Port accepted the Report and Recommendation and dismissed the petition. Resp't Answer (Docket #20) Ex. 14 at 2.

In another attempt to file a § 440.10 motion, Petitioner sought court orders in April of 1994 allowing him to interview the Westchester County Clerk regarding the allegedly missing documents, and to interview the Medical Examiner regarding the autopsies of the victims. This

request was denied by the Westchester County Supreme Court. Resp't Affidavit (Docket #19) at 17. In his denial, Supreme Court Justice Angiolillo stated, "There is absolutely no basis to provide [Petitioner] with the medical records and autopsy findings relating to his victims, nor any other physical evidence, so that he might rummage through the material in hope of finding some issue around which to frame a CPL § 440.10 motion." Resp't Answer (Docket #20) Ex. 16 at 5.

On December 6, 2001, Petitioner filed yet another § 440.10 motion, seeking to vacate his conviction by claiming that the Department of Corrections was holding him in violation of various CPL sections. He also sought reargument of the prior § 440.10 motion, filed in 1981, and he made a renewed request for post-conviction discovery. Resp't Affidavit (Docket #19) at 19. The Supreme Court denied this motion on August 12, 2002, and the Appellate Division denied leave to appeal on December 9, 2002. During this time, Petitioner had written several letters to the Westchester County Attorney and the Westchester County Clerk seeking the production of certain documents. Resp't Affidavit (Docket #19) at 21. The County Clerk produced those records on May 1, 2003. Resp't Answer (Docket #20) Ex. 20. Nonetheless, Petitioner filed a § 1983 action against the Clerk and the County Attorney on June 7, 2004, again seeking the production of allegedly missing transcripts. Resp't Affidavit (Docket #19) at 22. The Supreme Court of Westchester County dismissed that action on November 4, 2004. Resp't Affidavit (Docket #19) at 22.

On April 24, 2007, Petitioner filed a habeas corpus petition, pursuant to the New York State Constitution, in the Supreme Court, Appellate Division, Third Department. Pet. (Docket

#2) Ex. A.[1]  Petitioner claimed that he had been denied access to various transcripts, including the sentencing minutes that he continues to allege were not provided to him.[2]  Pet. (Docket #2) Ex. A at 3-4.  On May 25, 2007, the Third Department denied Petitioner's state habeas petition. Pet. (Docket #2) Ex. B.[3]  The New York Court of Appeals denied leave to appeal on September 18, 2007.  Pet. (Docket #2) Ex. D at 13.

Finally, Petitioner filed this habeas petition – his second federal habeas petition – on September 24, 2007.  When asked on the federal habeas petition form to state the grounds upon which he sought relief, Petitioner instructed the reader to see Exhibit A, his state habeas petition, claiming that he was denied access to the transcribed records of his sentencing hearing.  Pet. (Docket #2) at 3; Ex. A at 3-4. The Honorable Kimba Wood, then Chief Judge of this District, required Petitioner to show why his petition should not be dismissed as untimely.  Order (Docket #4).  Petitioner claimed that he should be granted equitable tolling due to the fact that he has allegedly been denied access to the transcribed proceedings of his predicate felony hearing and sentencing minutes.  Petitioner's Affirmation (Docket #13) at 6.

For the reasons that follow, I conclude, and I respectfully recommend that Your Honor should conclude, that the Petition should be dismissed in the first instance as a second or

---

[1] Petitioner's current habeas petition has two Exhibits marked "A."  This refers to the first Exhibit A.

[2] It should also be noted that Petitioner stated in his state habeas petition that "No application for the relief herein prayed for have (sic) been made or pending in any State or Federal Court or upon the grounds presented in this application."  Pet. (Docket #2) Ex. A at 6. This is entirely incorrect as Petitioner had already filed a federal habeas petition that had been denied. See infra at 2.

[3] Again, there are two Exhibits labeled "B." This refers to the second Exhibit B.

successive habeas petition improperly filed and, in the second instance, as untimely. In the event that Your Honor disagrees with my recommendation, I respectfully request that the matter be referred to me again, for a Report and Recommendation on the substance of the petition.

**DISCUSSION**

**Standard of Review**

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). To be granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275 (1971). In the interests of comity and expeditious federal review, states should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Daye v. Attorney General of the State of New York, 696 F.2d 186, 190-91 (2d Cir. 1982). The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. 2254(b), (c):

> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the

> courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. 2254(b), (c).

Generally, a state prisoner has one year from the date his or her conviction becomes final to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This includes "direct review by the United States Supreme Court via writ of certiorari, and [thus] the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari." Williams v. Artuz, 237 F. 3d 147, 151 (2d Cir. 2001). The limitations period is tolled while ". . . a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). The limitations period may also be equitably tolled if a petitioner can show that "extraordinary circumstances prevented him [or her] from filing his petition on time." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). After a petitioner has met these threshold requirements, a federal district court generally may hear "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court" only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**Petitioner's Most Recent Filing Constitutes a Second or Successive Habeas Petition**

Under Section 2244(b)(1) of Title 28, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be

dismissed." A petitioner may, however, file a request "in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court of appeals may authorize the filing of a second or successive habeas petition if the "application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In order to satisfy this prima facie showing, a petitioner is required either to present new claims in the second habeas petition or to provide new evidence that "did not appear in the record of the proceeding in the Supreme Court...[and] that the [petitioner] could not have caused such fact to appear in such record by the exercise of reasonable diligence." 28 U.S.C. § 2244(b)(2); 28 U.S.C. § 2244(c).

As previously noted, Petitioner filed a federal habeas petition on March 28, 1983. Resp't Answer (Docket #20) Ex. 11. That habeas petition asserted the claim that Petitioner was denied due process because he did not have a complete transcript of his sentencing minutes and predicate felony hearing when formulating his appeal. Resp't Answer (Docket #20) Ex. 11 at 9. The District Court adopted the Report and Recommendation of the Magistrate Judge, concluding that Petitioner "was able to make his claims clear" even without the missing pages and "was denied neither equal protection nor due process." Resp't Answer (Docket #20) Ex. 13 at 4-5; Resp't Answer (Docket #20) Ex. 14 at 2.

Petitioner makes the exact same claims in the current habeas petition. Pet. (Docket #2) Ex. A at 3-4. Thus, I respectfully recommend that Your Honor should conclude that the current petition is a second or successive habeas petition under AEDPA, and that it must be dismissed. 28 U.S.C. § 2244(b)(1). Even if Petitioner had presented new claims or provided new evidence not available at trial, he could only bring a second or successive habeas petition if he had

received authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). No such authorization has been provided to this court. Therefore, I conclude, and recommend that Your Honor should conclude, that Petitioner's habeas petition is in violation of 28 U.S.C. § 2244(b)(1) and 28 U.S.C. § 2244(b)(3)(A) and must be dismissed.

**This Petition Must be Dismissed on Timeliness Grounds**

As noted, Petitioner's application for leave to appeal to New York State's highest court, the Court of Appeals, was denied on October 21, 1982. People v. Allen, 57 N.Y.2d 957 (1982). Because Petitioner's judgment became final before the AEDPA statute of limitations came into effect, he had one year after the passage of AEDPA on April 24, 1996, to file a timely habeas petition. See Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998). Petitioner's first habeas petition, filed in 1983, was timely. However, even if Petitioner had been eligible to file a second or successive habeas petition, he would have had to have done so before April 24, 1997, within the one year statute of limitations set out in AEDPA. Petitioner's current petition was filed September 24, 2007, over ten years after the one year statute of limitations had run.[4]

Petitioner claims that he is entitled to equitable tolling of the one year statute of limitations because "for (30) years plus, the Respondent has knowingly, deliberstely (sic) and

---

[4] Respondent uses the date "December 26, 2007" as Petitioner's filing date as that is the date stamped by the court for filing. However, the law on this point is well settled that a pro se prisoner's petition for habeas corpus is deemed filed on the day he or she delivers the petition to prison authorities for transmittal to the court. Houston v. Lack, 487 U.S. 266; see also Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001)("... a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he [or she] delivers the notice to prison officials within the time specified. This 'prison mailbox' rule is justified by the litigant's dependence on the prison mail system and lack of counsel to assure timely filing with the court"). Petitioner's signature on his original habeas petition is preceded by the handwritten date of "9/24/07." This, then, is the date that the court will use as Petitioner's filing date.

intentionally suppresse[d] the Predicate Felony Hearing and Sentencing minutes (sic)." Petitioner's Affirmation (Docket #13) at 6. As set forth below, this argument is not sufficient to justify equitable tolling and, thus, Petitioner's second and improperly filed federal habeas petition must also be dismissed as untimely.

*Equitable Tolling of the Statute of Limitations*

The Supreme Court and the Second Circuit have both held that extraordinary circumstances may exist which will equitably toll the statute of limitations under AEDPA. See Pace v. DiGuglielmo, 544 U.S.408 (2005); Warren v. Garvin, 219 F.3d 111 (2d Cir. 2000); Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). The burden of establishing such extraordinary circumstances falls on the petitioner. Rhodes v. Senkowski, 82 F. Supp. 2d 160 (S.D.N.Y. 2000) ("The burden is on the petitioner-here, Rhodes-to make such a showing, and federal courts are to 'take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.' " Id. at 167; quoting Calderon v. United States Dist. Court, 128 F.3d 1288, 1289 (9th Cir. 1997)); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way").

The Second Circuit has "established only a limited number of circumstances that would merit equitable tolling." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). These include: mental or physical illness so severe that a petitioner could not protect his or her legal rights during the statute of limitations period (Rios v. Mazzuca, 78 Fed. Appx. 742 (2d Cir. 2003); Rhodes, 82 F. Supp. 2d at 173); a State-created impediment which prevented a petitioner from

timely filing (Valverde v. Stinson, 224 F.3d 129 (2d Cir. 2000)); a situation where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary (Doe, 391 F.3d at 159; citing Baldayaque v. US, 338 F.3d 145 (2d Cir. 2003)); or possibly if there is a claim of actual innocence that requires a district court to evaluate the credibility of the actual innocence claim before reaching a decision on equitable tolling (Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004)).

The only one of these categories in which Petitioner's claim for equitable tolling might fall, based on the arguments he has made, is that of a State-created impediment. However, the only time the Court has recognized that this type of situation would merit equitable tolling is in the Valverde case. There, the petitioner was unable to file a timely petition due to the "intentional confiscation of [petitioner's] habeas corpus petition and related legal papers by a corrections officer... ." Valverde, 224 F.3d at 133. The Court has rejected any other circumstance claiming a State-created impediment in justifying equitable tolling, including the denial of access to legal materials due to solitary confinement (Hizbullahankhamon v. Walker, 255 F.3d 65 (2d Cir. 2001)), or the failure of prison officials to provide habeas information in the prisoner's language (Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008)).

The Court has held that in order to merit equitable tolling, the State-created impediment must "*effectively prohibit[]* the petitioner from pursuing habeas, such as the misplacement of files, or being denied access to materials necessary to file a habeas petition." Raynor v. Dufrain, 28 F. Supp. 2d 896, 900 (S.D.N.Y. 1999)(emphasis added). In this case, Petitioner's claim that the State denied him transcripts of his predicate felony hearing and sentencing minutes in no way prevented him from filing within the one year statute of limitations period. In fact, Petitioner did timely file a habeas petition in March of 1983 without these transcripts. Only a State-created

impediment that prohibits timely filing will qualify for equitable tolling, and I conclude that Petitioner has not met this burden. Therefore, I respectfully recommend that Your Honor should conclude that Petitioner does not qualify for equitable tolling of the AEDPA one year statute of limitations, and his petition should be dismissed as untimely.

## CONCLUSION

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that the instant habeas petition should be dismissed as an improperly filed second and successive habeas petition which is also untimely. As the petition presents no questions of substance for appellate review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue. Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979). I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. §1915(a) that an appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York,

10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.

Dated: November 13, 2009
       White Plains, New York

                                Respectfully submitted,

                                Lisa Margaret Smith
                                United States Magistrate Judge
                                Southern District of New York

Copies of the foregoing Report & Recommendation have been sent to the following:

The Honorable Stephen C. Robinson

Jimmie Lee Allen
P.O. Box 700 – 80A1633
200 Quick Road
Wallkill, New York 12589-0700

John J. Sergi, Assistant District Attorney
Office of the District Attorney of Westchester County
County Courthouse
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601